# NO. 12-10-00053-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHNX RAY GREER,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA  COUNTY, TEXAS* |

---

## *MEMORANDUM OPINION*

Johnx Ray Greer appeals his conviction for aggravated robbery, for which he was sentenced to imprisonment for thirty-five years.  In two issues, Appellant contends that the evidence is neither legally nor factually sufficient to support the trial court's judgment.  We affirm.

## BACKGROUND

Michael Champion was working as a pizza delivery man for Papa John's Pizza.  On or about the night of October 21, 2008, Champion was attempting to deliver pizzas that had been ordered for a house on Booker Street in Lufkin, Texas.  As he stood near the house, two men approached him.  One man, later identified by an accomplice as Appellant, was wearing a white hooded sweatshirt or "hoodie."  The other man was wearing a black hoodie.  According to Champion, the man in the white hoodie brandished a small, chrome plated, semiautomatic pistol and attempted to take the pizzas from him.  Champion resisted.  Champion, who was focused on the pistol being pointed at him, heard it make a clicking sound.  Believing that his life was in danger, Champion retreated, removed a .22 caliber revolver from his pocket,[1] and fired two shots

---

[1] The record reflects that Champion possessed a license to carry a concealed handgun.

at the man in the white hoodie.  The second shot struck the man in his backside, and both assailants fled the scene.

Appellant was charged by indictment with aggravated robbery.  Appellant pleaded "not guilty," and the matter proceeded to a bench trial.  Ultimately, the trial court found Appellant "guilty" as charged and sentenced him to imprisonment for thirty-five years.  This appeal followed.

**EVIDENTIARY SUFFICIENCY**

In his first issue, Appellant argues that the evidence is not legally sufficient to support the trial court's judgment.  In his second issue, Appellant argues that the evidence is not factually sufficient to support the trial court's judgment.  In conjunction with these issues, Appellant contends that Wesley Black's accomplice testimony is not sufficiently corroborated.

**Standard of Review and Governing Law**

Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction.  *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd).  The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  The evidence is examined in the light most favorable to the verdict.  *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186.  A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court.  *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge.  *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried."  *Id.*

To support Appellant's conviction for aggravated robbery, the State was required to prove that Appellant unlawfully appropriated property with intent to deprive the owner of the

property, and in the course of so doing, while possessing the intent to maintain control over the property, intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death and used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(2), 31.03(a) (Vernon 2003 & Supp. 2010). Appropriation of property is unlawful if it is without the owner's effective consent. *See* TEX. PENAL CODE ANN. § 31.03(b)(1) (Vernon Supp. 2010). "Appropriate" means to acquire or otherwise exercise control over property other than real property. *See* TEX. PENAL CODE ANN. § 31.01(4)(B) (Vernon Supp. 2010).

## Accomplice Testimony

In the case at hand, the State offered the accomplice testimony of Wesley Black. Texas Code of Criminal Procedure, article 38.14 states that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005). In order to determine whether the accomplice witness testimony is corroborated, we must eliminate all accomplice evidence and determine whether the other inculpatory facts and circumstances in evidence tend to connect the appellant to the offense. *See McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997). The nonaccomplice evidence does not have to directly link the appellant to the crime, nor does it alone have to establish his guilt beyond a reasonable doubt; but rather, the nonaccomplice evidence merely has to tend to connect the appellant to the offense. *Id.* at 613. The appellant's presence in the company of the accomplice before, during, and after the commission of the offense coupled with other suspicious circumstances may tend to connect the appellant to the offense. *See Dowthitt v. State*, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996). Moreover, evidence that the defendant was near or at the place of the offense around the time of its occurrence is proper corroborating evidence. *See Burks v. State*, 876 S.W.2d 877, 888 (Tex. Crim. App. 1994).

## Discussion of Evidence

Black testified that he was with Appellant at Appellant's house on the day in question. While there, according to Black, Appellant asked him if he wanted to "hit a lick," which he explained meant to "go get some money." Black later clarified that he knew they were going to rob a pizza delivery man because Appellant told him so. Black stated that Appellant called for a

pizza delivery on his telephone, that the two waited fifteen minutes, and that they went to the house on Booker Street to wait for the delivery. Black testified that Appellant was wearing a white hoodie and that he was wearing a black hoodie. Black further testified that Appellant carried a gun regularly and that he knew Appellant had a gun that night. Black further stated that when the pizza delivery man arrived, Appellant pulled out his gun, approached the delivery man with the gun pointed at him, and began to "tussle" with him over the boxes of pizza. Next, according to Black, the delivery man pulled out his own weapon. Black testified that he heard a "pop," and that he and Appellant ran back to Appellant's house. Black further testified that he was at Appellant's house when Appellant's father came home and that he told Appellant's father that Appellant had been shot.

Champion testified that he was working as a pizza delivery man for Papa John's. Champion further testified that on October 21, 2008, he was attempting to deliver pizza that had been ordered for a house located on Booker Street. Champion stated that as he stood near the house, two men approached him, one wearing a white hoodie and the other wearing a black hoodie. According to Champion, the man in the white hoodie brandished a small, chrome plated, semiautomatic pistol and attempted to take the pizzas from him. Champion stated that he resisted and was focused on the pistol being pointed at him when he heard it make a clicking sound. Champion further stated that he believed his life was in danger, retreated a short distance, pulled a .22 caliber revolver from his pocket, and fired two shots at the man in the white hoodie. Champion stated that the second shot struck the man in the backside causing him to jump as both assailants fled the scene.

Lufkin Police Officers Chris Nash and Christy Pate both testified that a pistol and a white hoodie were found at Appellant's house in a chair on the front porch Officer David Campbell stated that he performed a function test on the pistol found at Appellant's house and determined that the pistol would make a clicking sound, but would not discharge. Detective J.B. Smith testified that a cellular telephone that was recovered from the car Black was driving had the same San Marcos phone number that was given to the Papa John's Pizza restaurant in conjunction with the order Champion was delivering to Booker Street.[2] Appellant's father, Donald Greer, testified that Appellant had recently returned from a stint at Job Corps in San Marcos, Texas. Greer further testified that when he returned home from choir practice on October 21, 2008, a young

---

[2] The record reflects that Appellant's wallet and other personal effects were found in the same vehicle.

4

man he did not recognize told him that Appellant had been shot. Greer stated that he took Appellant to the hospital for treatment of his gunshot wound.

Appellant testified on his own behalf. He denied planning or participating in the robbery at issue. However, he stated that he was near the scene at the time in question, saw three individuals arguing, heard gunfire, and was struck by one of the bullets. Appellant stated that he ran home after the incident, and placed his white hoodie in the chair on the front porch of his house. Appellant further testified about having been at Job Corps in San Marcos, Texas, before coming home to Lufkin for a brief period. Appellant stated that he lent someone his phone to make a phone call on the day in question. Finally, Appellant testified that he and a friend had previously found a gun on the railroad tracks and that the friend must have left the gun at his house.

In sum, the nonaccomplice testimony indicates that Champion testified that he was robbed by a man in a white hoodie, that the man brandished a pistol, that the man attempted to fire that pistol at him, but that the pistol made a clicking sound, and that he fired two shots at the man, striking the man in the backside with the second shot. Appellant's phone's San Marcos number matched the number that was given to Papa John's Pizza restaurant pertaining to the order Champion was delivering. Police recovered at Appellant's residence a white hoodie and a pistol that would make a clicking sound, but not discharge. Appellant received a gunshot wound that night and was, by his own testimony, near the scene at the time of the events in question. After eliminating Black's accomplice witness testimony from our consideration and conducting an examination of the nonaccomplice evidence, we conclude that the nonaccomplice evidence tends to connect Appellant to the offense sufficiently to corroborate Black's testimony.

Further, having examining all of the aforementioned evidence in the light most favorable to the jury's verdict, we conclude that the jury could have reasonably determined beyond a reasonable doubt that Appellant committed aggravated robbery against Champion. Therefore, we hold that the evidence was legally sufficient to support the trial court's judgment. Appellant's first issue is overruled. We decline to reach Appellant's second issue.[3]

---

[3] We initially note that the court of criminal appeals has recently held that there is "no meaningful distinction between the ***Jackson v. Virginia*** legal sufficiency standard and the ***Clewis*** factual sufficiency standard and that "the ***Jackson v. Virginia*** standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *See **Brooks v. State***, No. PD-0210-09, 2010 WL 3894613, at *8, 14 (Tex. Crim. App.

DISPOSITION

Having overruled Appellant's first issue and having declined to consider Appellant's second issue, we *affirm* the trial court's judgment.


**SAM GRIFFITH**
Justice


Opinion delivered November 17, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

---

Oct. 6, 2010). Consequently, the court of criminal appeals overruled the factual sufficiency standard of review as set forth in *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996) and its progeny. *See id.*